**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**at COVINGTON**

**CIVIL ACTION NO. 05-148-DLB**

**JAMES R. TURNER, ET AL.**                                                    **PLAINTIFFS**

**vs.**                                      **MEMORANDUM ORDER**

**GRANT COUNTY DETENTION CENTER, ET AL.**                    **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \* \* \* \*

This case is presently before the Court on Defendant Troy Ashcraft, M.D.'s Motion
for Summary Judgment. (Doc. #101) Oral arguments were presented on this and other
pending motions on April 26, 2007, at which time Dr. Ashcraft's motion was taken under
advisement. (Doc. #146)

Procedurally, at this point there remain five Plaintiffs who are pursuing claims
against Defendant Ashcraft – Larri R. Brown, Bobbie Riggs Gibson, Tonya Sunbaum, John
Teegarden, and Timothy Dowell.  These individuals assert claims in both their individual
and representative capacities.[1]  Dr. Ashcraft seeks entry of a summary judgment in his
favor dismissing all claims brought against him by these five Plaintiffs.

The Court has reviewed and considered the parties' filings in this regard and has
now heard from counsel.  The record reflects that discovery and other case deadlines were

---

[1]With respect to the class claims, based upon Plaintiffs' overtures at oral argument
concerning class definition, Plaintiffs were ordered to file an Amended Complaint and then renew
their Motion for Class Certification to formally present any proposed changes/modifications.

previously vacated by the parties pending adjudication of Plaintiffs' class certification motion. (Doc. #93) While the parties indicated at oral argument that they have since commenced with deposing the remaining Plaintiffs,[2] Ashcraft's pending dispositive motion relies upon Plaintiffs' responses to written discovery along with their medical files.

Plaintiffs argue that Dr. Ashcraft's motion is premature, given the status of discovery. Ashcraft disagrees, and submits it is appropriate for the Court to adjudicate his liability as a matter of law at this time.  Defendant acknowledges that a plaintiff-inmate may present a federal claim for deliberate indifference to serious medical needs, as recognized in *Estelle v. Gamble,* 429 U.S. 97, 105-06 (1976).  But Dr. Ashcraft offers that in analyzing such claims, federal courts do not like to second-guess adequacy of medical treatment and constitutionalize claims that sound in state tort law, per *Graham v. County of Washtenaw,* 358 F.3d 377, 385 (6th Cir. 2004).  To assert a Kentucky state-law claim for medical negligence/malpractice, absent obvious circumstances, such claims generally require expert testimony in order to show that a physician failed to conform to a required standard of care, which deviation proximately caused injury.  *See Jarboe v. Harting,* 397 S.W.2d 775, 777 (Ky. Ct. App. 1965).  Ashcraft submits that Plaintiffs herein have not come forth with expert evidence that he rendered inadequate treatment deviating from the accepted standard of care that proximately caused injury to them,[3] nor do Plaintiffs intend to do so. Thus, contends Ashcraft, if Plaintiffs cannot establish medical negligence, they certainly

---

[2]Defendant Ashcraft agrees to sit for a discovery deposition upon completion of the discovery depositions of those Plaintiffs still suing him.

[3]As noted, the deadlines for expert disclosures and expert discovery were previously vacated by agreement of the parties.

cannot establish deliberate indifference to serious medical needs, which is essentially a "stepped up" or "heightened" negligence claim.

Plaintiffs conceded at oral argument that they do not intend to offer expert medical evidence in support of their claims against Dr. Ashcraft, but contend such proof is not required for their claims to survive. Rather, a state law claim for medical negligence is just that, while a § 1983 claim for deliberate indifference is a federal constitutional claim, even though it may look to state standards in sizing up whether a prisoner's complaint is actually one for negligent diagnosis and treatment of a medical condition, rather than one for medical mistreatment under the Eighth Amendment. The Court agrees.[4] Constitutional deprivations by public officials are driven by federal law, and it is this federal law that defines the obligations owed and what serves as or constitutes a violation thereof.

The legal standard for federal constitutional claims of inadequate medical care is "deliberate indifference to serious medical needs," which "constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Terrance v. Northville Regional Psychiatric Hosp.,* 286 F.3d 834, 843 (6th Cir. 2002)(quoting *Estelle,* 429 U.S. at 104). The Supreme Court in *Farmer v. Brennan,* 511 U.S. 825 (1994) explained that "deliberate indifference" has both an objective and subjective component. The deprivation must be "objectively, sufficiently serious" and result in the denial of the "minimal civilized measure of life's necessities." "[T]he Constitution gives governments considerable leeway

---

[4]Nevertheless, also worth noting is that while deliberate indifference requires more than negligence, the Sixth Circuit has recognized that "*one way to prove* that an official acted with deliberate indifference is to show that he repeatedly acted in a certain manner. In such cases, the repeated acts, viewed singly and in isolation, would appear to be mere negligence; however, viewed together and as a pattern, the acts show deliberate indifference." *Brooks v. Celeste,* 39 F.3d 125, 128 (6th Cir. 1994)(emphasis added).

when it comes to the day-to-day challenges of managing a prison and erects a series of hurdles that allegations of prisoner mistreatment must clear before they proceed to a jury." *Clark-Murphy v. Foreback,* 439 F.3d 280, 286 (6th Cir. 2006).  Among these are the objective and subjective components required by *Farmer* in order to establish deliberate indifference to a serious medical need.

The subjective component is directed to the notion that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," and so the prison official or employee should have a "sufficiently culpable state of mind"; namely, "deliberate indifference to the inmate health and safety."  The source of this intent requirement is the Eighth Amendment itself, which bans only cruel and unusual *punishment.*

Examining whether something is harmful enough to be a constitutional violation rather than a tort reflects society's expectation that prisoners do not have unqualified access to health care, so deliberate indifference to medical needs amounts to cruel and unusual treatment only if the needs are serious.  *Smith v. Franklin County,* 227 F. Supp. 2d 667, 677 (E.D. Ky. 2002).  Needs are "serious" if diagnosed by a doctor as mandating treatment, or "so obvious that even a lay person would easily recognize the necessity for a doctor's treatment."  *Id.* at 686 n.10.

Dr. Ashcraft points out that the *Smith v. Franklin County* case also mandates that "verifying medical evidence" is required to pursue a claim for deliberate indifference to serious medical needs, thus supporting his argument that expert medical proof is needed. Further discussion of this point is warranted.  Citing the Sixth Circuit's decision in *Napier v. Madison County,* 238 F.3d 739 (6th Cir. 2001), the court in *Franklin County* held that "an inmate who complains that delay in medical treatment rose to a constitutional violation must

-4-

<u>place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed</u>." *Id.* at 742 (emphasis added). It is true that *in certain types* of alleged deliberate indifference to serious medical needs cases, namely delay in receiving treatment/medications as amounting to deliberate indifference, the Sixth Circuit requires that "verifying medical evidence" be offered to support such a claim. However, this is not an across-the-board requirement in all deliberate indifference to medical needs cases.

*Blackmore v. Kalamazoo County,* 390 F.3d 890 (6th Cir. 2004), a case which cites *Smith v. Franklin County* and discusses *Napier*, contains a thoughtful and informative discussion of how this "verifying medical evidence" standard plays out. *Blackmore* explains that this standard, while typically used for "delay" cases, does not apply even in all "delay" cases.

> A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. . . .
>
> This "obviousness" standard for determining a serious medical need is distinct from a separate branch of Eighth Amendment decisions where the seriousness of a prisoner's medical needs "may *also* be decided by the *effect* of delay in treatment." . . . These decisions involve prisoner claims of delay in treatment that caused injury, loss, or handicap. . . . Other examples involve delayed administration of medication. . . or a prisoner's refusal to take the prescribed medication, . . . or occasional missed doses of medication, . . . or claims based on a determination by medical personnel that medical treatment was unnecessary. . . . Also within this branch are decisions involving whether the prisoner was treated adequately.

*Id.* at 897-98. Both *Blackmore* and *Napier* were cases involving delay in receiving treatment. The *Blackmore* court observed that in *Napier*, an arrestee suffering from kidney failure was kept from his scheduled dialysis while incarcerated for 29 hours. The court in *Napier* granted summary judgment upon concluding that plaintiff had not presented medical

evidence he was harmed by the delay in getting dialysis treatment.  That court noted that plaintiff had missed many treatments while not incarcerated, said it was "no big deal" to miss appointments, and his doctor testified he could have received dialysis right after being released but did not.  In *Blackmore* the plaintiff complained of physical problems indicative of acute appendicitis, complained for two days before receiving medical care, at which time he underwent surgery.  The district court granted summary judgment, upon noting that Blackmore's appendix had not burst, nor was any medical verification evidence offered as to medical complications from the delay in getting surgery.

Despite the Circuit's holding in *Napier* that medical verification evidence was required in delay cases, the Sixth Circuit in *Blackmore* reversed the district court's application of this standard.  The panel found that Blackmore's claim actually fell under the "obviousness" line of decisions because he had acute symptoms for two days, and complained orally and in writing before getting care two days later.  The court therefore concluded that "[w]ith these facts, a jury could reasonably find that Blackmore had a serious need for medical care that was so obvious that even a layperson would easily recognize the necessity for a doctor's attention."  *Id.* at 899 (internal quotation omitted).  And while the district court remarked that Blackmore's appendix had not in fact burst, the Sixth Circuit emphasized that deliberate indifference is where there exists a *substantial risk* of serious harm, not that actual harm or actual physical injury is necessary in order to demonstrate this constitutional claim.  *Id.*

> In sum, the "verifying medical evidence" requirement is relevant to those claims involving minor maladies or non-obvious complaints of a serious need for medical care.  *Napier,* which was relied upon by the district court, falls within this branch of decisions.  In a word, *Napier* does not apply to medical care claims where facts show an obvious need for medical care that laymen would readily discern as requiring prompt medical attention by competent

health care providers.   *Napier* applies where the plaintiff's "deliberate indifference" claim is based on the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious.   In such circumstances, medical proof is necessary to assess whether the delay caused a serious medical injury.  *Napier,* 238 F.3d at 742.

*Id.* at 898.

Thus, *Blackmore* clarifies that whether "verifying medical evidence" is required depends upon the nature of the factual circumstances in which the prisoner found himself and what type of conduct or omission is being relied upon as constituting the deliberate indifference to serious medical needs.   Discerning the exact nature of the proof that Plaintiffs here must offer will turn upon how they characterize their deliberate indifference claims, since expert proof is not a threshold requirement in all § 1983 deliberate indifference to serious medical needs cases.  But it is possible some portion of any one of these five Plaintiffs' claims could end up being the type of "delay in treatment" claim that *Napier* determined required "verified medical evidence."   Absent further merits discovery on Plaintiffs' individual claims, it is premature for the Court to attempt this analysis, nor will it do so until it can be briefed by the parties at the appropriate time.  To this end, the parties can and should press on with their discovery efforts on these claims, to thereafter provide the relevant facts and applicable legal argument that will allow the Court to determine whether these claims are more closely aligned with *Blackmore* and thus do not require verifying medical evidence, or more closely aligned with *Napier* and thus fail for lack of such evidence.

Accordingly, for the reasons articulated herein and as discussed at oral argument, **IT IS ORDERED** that Defendant Troy Ashcraft, M.D.'s Motion for Summary Judgment (Doc. #101) be, and it is, hereby **denied.**

This 2nd day of May, 2007.



**Signed By:**

**David L. Bunning**

**United States District Judge**

G:\DATA\ORDERS\Cov05\05-148-AshcraftMSJ.wpd