UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at COVINGTON

**CIVIL ACTION NO. 05-148-DLB**

**JAMES R. TURNER, ET AL.**                                              **PLAINTIFFS**

**vs.**                       **<u>MEMORANDUM ORDER</u>**

**GRANT COUNTY DETENTION CENTER, ET AL.**            **DEFENDANTS**

* * * * * * * * * * * * *

On April 26, 2007, oral argument was held in this case on then-pending motions, including a Motion to Dismiss filed by Defendants Gary Courtney, Raymond Furman, Kay Jump, Darrell Link, Richard Marksberry, Jason Sanders, and Mike Wright. (Doc. #60) These Defendants argued Plaintiffs failed to serve them with process as required by Federal Civil Rule 4(m). That motion was fully briefed by the parties, which filings were considered by the Court, along with the presentations at oral argument. The Court concluded at oral argument that granting the dismissal request was the appropriate course of action and so ruled.

Plaintiffs now move for reconsideration of that ruling. This motion is ripe for review, despite the time for responsive filings under the Joint Local Rules having not yet expired, because no new grounds are raised in Plaintiffs' motion that would warrant reconsideration of the Court's prior ruling.

Plaintiffs submit that with subsection (m)'s addition to Rule 4 in 1993, a showing of good cause is no longer required for a court to excuse lack of service within the required 120 days, a change reflected in the Advisory Committee Notes. Plaintiffs offer that by this subsection, district courts now have the discretion to fashion appropriate relief where justified, such as where the refiled action would be barred by the applicable statute of limitations. Plaintiffs contend that the additional Defendants in this case have been on notice of these claims from the outset, with their interests represented and defended; and that these Defendants have not asserted any actual prejudice by the lack of formal service, whereas Plaintiffs may be extremely prejudiced in that their claims against these Defendants may now be barred by the statute of limitations.

These points offered by Plaintiffs are not new; they were raised in their Response to the original Motion to Dismiss. The Court is aware of and considered these points both prior to and at oral argument. The Court's research prior to oral argument suggested the Sixth Circuit had not yet recognized and applied in a published decision this change in the manner in which district court's review timeliness challenges to service since the addition of subsection (m). The application of this standard was recognized in an unpublished decision, *Stewart v. TVA,* 2000 WL 1785749 (6th Cir.), wherein the Sixth Circuit, citing to *Henderson v. United States,* 517 U.S. 654, 662 (1996), noted that under Rule 4(m) the inquiry is directed to whether plaintiff has shown good cause for the failure to perfect service and, even where no good cause is shown, whether the court should dismiss the action or direct that service be effected within a specified time. *See also Osborne v. First Union National Bank of Delaware,* 217 F.R.D. 405 (S.D. Ohio 2003)(reviewing at length the background to Rule 4(m) and present status of a district court's analysis as to whether

claims should be dismissed for lack of timely service pursuant thereto).  The Sixth Circuit in *Stewart*, in addition to upholding the district court's finding that good cause had not been shown, also discussed "that the district court did not abuse its discretion by refusing to grant an extension despite the absence of good cause" because the record suggested not issuing service was an intentional, tactical decision by plaintiff's counsel.

The Court was aware of Rule 4(m) at oral argument and at least the potential that a good cause showing to extend time to complete service is likely no longer required, despite the present lack of binding Sixth Circuit authority.  The attention and focus at argument was therefore directed at confirming what, if any, efforts had been taken by counsel to complete service or to understand why no such efforts had been made, if indeed none had, so that the Court could determine whether the time should nevertheless be extended even though no good cause had been shown.[1]  In their Motion for Reconsideration, Plaintiffs offer that their lack of effort to serve these added Defendants is neglect that is excusable.[2]  Plaintiffs submit that they interpreted Rule 4(m) as prohibiting them from proceeding with obtaining service, pending the Court's ruling on the dismissal motion.  Again, this interpretation was offered by counsel at oral argument and considered by the Court at that time, and so does not serve as a substantive basis for reconsideration.

---

[1] Plaintiffs do not seek to establish good cause for their failure to serve the additional Defendants within 120 days of when they were first added to the case by Amended Complaint, but rather point out that their neglect to serve these Defendants was not done in bad faith.

[2] At argument and in briefing, counsel suggested the failure to have summons issued and service completed was based on an erroneous belief that based on prior dealings, counsel for the existing Defendants was voluntarily waiving formal service of process upon these added Defendants, and instead amenable to informal service via defense counsel's receipt of the Amended Complaint.  This explanation is neither good cause nor excusable neglect, as evidenced by the *Turner v. Taylor* case cited by Plaintiffs, where the court rejected as "excusable neglect" counsel's argument that he presumed from earlier dealings that defense counsel would informally accept service.  *Turner,* 412 F.3d 629 (6th Cir. 2005).

In sum, accepting that Rule 4(m) now gives district courts discretion to extend time even in those circumstances where good cause is not shown, in this case the Court concluded at oral argument that there was no reason to exercise its discretion and extend the time. Evidencing actual prejudice is not a burden imposed upon unserved defendants seeking dismissal. While this Court has the discretion to fashion appropriate relief for failing to effectuate service, exercising that discretion necessarily means that relief in the form of an extension is not afforded as a matter of course, else there would be no reason to have Rule 4(m) with its time limit for service.

Plaintiffs' reconsideration motion responds to what Plaintiffs view as the Court's emphasis on Plaintiffs' lack of service efforts after Defendants filed their dismissal motion. This response was also offered at the oral argument. Why Plaintiffs' response to the dismissal motion did not at that time also seek leave to extend the time for Plaintiffs to have summons issued and the added Defendants served is puzzling; but the absence of initiatives concerning service or clarifications about representation of the added Defendants during the initial 120-day period is equally puzzling. The Amended Complaint was filed on April 28, 2006. The dismissal motion was filed September 7, 2006, just after 120 days had passed. During this 120-day period, the original Defendants answered (Doc. #42) identifying only themselves as those answering in both the title and introductory paragraph. These original Defendants also propounded their first set of written discovery upon Plaintiffs during this period, again indicating only themselves in the title and introduction. And on August 23, 2006, these Defendants filed a motion to compel that once again identified only their names in the title and introduction. The fact that defense counsel made filings during this 120-day period after the filing of the Amended Complaint, which filings identified in the

-4-

caption and document introduction that they were being made only on behalf of the Defendants originally named, should have prompted some action by Plaintiffs, either outside the record by contacting opposing counsel or on the record by requesting the clerk issue summonses for each added Defendant.  Plaintiffs did neither.  The Court finds nothing compelling about these circumstances that would warrant extending time for Plaintiffs to complete service of process.  Nor has it been suggested that the possibility some claims will be time-barred if refiled always constitutes a compelling, appropriate circumstance that mandates extending the time, particularly where it has not been shown that a plaintiff otherwise will be denied the opportunity to obtain relief for alleged injuries.  Plaintiffs' Motion for Reconsideration must therefore be denied.

Moreover, despite dismissing Gary Courtney, Raymond Furman, Kay Jump, Darrell Link, Richard Marksberry, Jason Sanders, and Mike Wright as Defendants at the recent oral argument, Plaintiffs have now filed a Third Amended Complaint that includes these individuals as named Defendants.  Plaintiffs have taken this liberty without seeking leave to do so.  The purpose of allowing Plaintiffs to file another amended complaint as a matter of course rather than by seeking leave was for Plaintiffs to formally address in their pleading what was raised by them at argument; namely, their desire to challenge a no-narcotics policy at the jail.  Plaintiffs' Third Amended Complaint as filed broadens that purpose and blatantly circumvents the Court's ruling by joining these newly-dismissed Defendants and then requesting the clerk issue summons for service upon them.  If and to the extent Plaintiffs seek to refile claims against these particular Defendants, their joinder must be sought via motion for leave to amend so as to join parties.  Plaintiffs' presumptive joinder of these dismissed Defendants will therefore be stricken as beyond the scope of the

amended complaint Plaintiffs were given leave to file directly, without having to seek leave to do so.[3]

Finally, the dispositive motion filed by Dr. Ashcraft was also taken up at the recent oral argument. An order was entered shortly thereafter denying summary judgment to Dr. Ashcraft on those claims that continue to be asserted against him by five of the Plaintiffs. (Doc. #148) Review of the Third Amended Complaint fails to evidence allegations against Dr. Ashcraft or his identification as a Defendant in the case caption. If that is the case, the record should be clarified to reflect that Plaintiffs' intentions at this point are to dismiss all claims against Dr. Ashcraft. Otherwise, the record contains a Complaint and First and Second Amended Complaints, each setting forth claims against Dr. Ashcraft, but does not contain a stipulation of voluntary dismissal or proposed agreed order or entry voluntarily dismissing Dr. Ashcraft from Plaintiffs' lawsuit along with all claims asserted against him.

Accordingly, **IT IS ORDERED** as follows:

(1) That Plaintiffs' Motion for Reconsideration (Doc. #151) be, and it is, hereby **denied;**

(2) That the identification of Gary Courtney, Raymond Furman, Kay Jump, Darrell Link, Richard Marksberry, Jason Sanders, and Mike Wright as Defendants in the caption of the Third Amended Complaint, and any references to and substantive allegations and claims against these Defendants contained in the Third Amended Complaint be, and they are, hereby **stricken,** as these Defendants have been formally dismissed and, absent

---

[3]Consequently, Plaintiffs' request in their Notice of Filing (Doc. #152) for the court clerk to issue summons for each of these Defendants and mail them to counsel for service has been mooted.

motion request, may not be rejoined or reinstated to this action as party Defendants as a matter of right; and,

(3)     That to the extent it is Plaintiffs' intention to dismiss Troy Ashcraft, M.D., as a Defendant in this matter by eliminating any reference to him or claims against him in the Third Amended Complaint, these parties shall tender a proposed Agreed Order or Agreed Entry to this effect within **fifteen (15)** days; otherwise, Plaintiffs should once again amend their cause of action within the same time frame to identify Dr. Ashcraft as a Defendant and to clarify what claims continue to be asserted against him.

This 10th day of May, 2007.



Signed By:
*David L. Bunning*  DB
United States District Judge

G:\DATA\ORDERS\Cov05\05-148-MotionToReconsider.wpd